Ramona Featherby, d.b.a.
California Judicial Recovery Specialists
3344 McGraw Street
San Diego, CA  92117-6053
800-354-9496 • FAX 866-531-7174
californiajrs@mac.com

Assignee of Record/Judgment Creditor



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ULRICH RISCHER, an individual<br><br>Plaintiff,<br>vs.<br><br>BANLAVOURA I, INC., a California corporation; BANLAVOURA-I, INC. TRUST, a California trust; ENGLEWOOD I, INC., a California corporation; ENGLEWOOD I INC. TRUST, a California trust; LARRY ESACOVE, an individual; and AIDA ESACOVE, an individual,<br><br>Defendants | Case No. CV 96-3886 SJO (RNBx)<br><br>JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION FOR AN ORDER HOLDING THIRD PARTY FOX ROTHSCHILD LLP IN CIVIL CONTEMPT FOR VIOLATING A COURT ORDER AND FOR COMPENSATORY SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Hon. S. James Otero**<br><br>Date:     August 16, 2010<br>Time:    10:00 a.m.<br>Place:    312 North Spring Street<br>            2nd Floor, Courtroom 1 |

PLEASE TAKE NOTICE that on August 16, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard, Judgment Creditor Ramona Featherby, d.b.a. California Judicial Recovery Specialists ("Featherby" or "Creditor") will and hereby does, move the Court under 18 U.S.C. §401(3), and F.R.Civ.P. 70 and 71,

-1-

NOTICE OF MOTION AND MOTION FOR AN ORDER HOLDING THIRD PARTY FOX ROTHSCHILD, LLP IN CIVIL CONTEMPT FOR VIOLATING A COURT ORDER AND FOR COMPENSATORY SANCTIONS

for an Order holding Third Party Fox Rothschild LLP in Civil Contempt for Violating a Court Order and for Compensatory Sanctions.  This motion is made pursuant to:  (1) the $12 million unsatisfied judgment against Judgment Debtors Larry and Aida Esacove, et al. ("Debtors" or "Esacoves") in this case; (2) the Court's Order assigning to Creditor, all rights Debtors had to receive payments from Third Party EVMC Real Estate Consultants, Inc. ("EVMC");  (3) the Court's Further Order enjoining Debtors' attorneys from receiving payments from EVMC in payment of the Esacoves' debts;  (4) Fox Rothschild's notice of the Order; and (5) Fox Rothschild's violation of the Order.

Creditor's motion is based upon this Notice and Motion, the pleadings and records on file in this action, the accompanying Memorandum of Points and Authorities, the Declaration of Ramona Featherby, the Exhibits, the Proposed Order, Proof of Service, and such other and further arguments and evidence as may be submitted at or before the hearing on this matter.

This motion is made following an attempt by Featherby to meet and confer with Fox Rothschild, LLP pursuant to L.R. 7-3 whereby on June 28, 2010, Featherby sent a detailed letter describing the issues to Fox Rothschild, LLP partner Malcolm S. McNeil by facsimile and overnight courier describing the controversy in detail.  [Exhibit 13].  Featherby received no response.

Respectfully submitted,

Dated:  July 12, 2010

Ramona Featherby, d.b.a.
California Judicial Recovery Specialists
Judgment Creditor

NOTICE OF MOTION AND MOTION FOR AN ORDER HOLDING THIRD PARTY FOX ROTHSCHILD, LLP IN CIVIL CONTEMPT FOR VIOLATING A COURT ORDER AND FOR COMPENSATORY SANCTIONS

**TABLE OF
CONTENTS**

# **TABLE OF CONTENTS**

I.    INTRODUCTION...............................................................1

II.   STATEMENT OF FACTS.................................................1

III.  ARGUMENT

    A.    Legal Standard.....................................................8

    B.    This Court Has Jurisdiction Over Fox Rothschild.......................8

    C.    Fox Rothschild Violated a Clear Order of the Court....................9

        1.    The Order Precluded Fox Rothschild from Receiving
            Funds from EVMC in Payment of the Esacoves' Debt...........9

        2.    Fox Rothschild Received Funds from EVMC in
            Violation of the Order.................................................10

        3.    Fox Rothschild Failed to Take Reasonable Steps to
            Ensure It Was In Compliance With the Order.....................12

        4.    Featherby has been Damaged by Fox Rothschild's
            Contemptuous Behavior............................................13

    D.    Fox Rothschild Must be Ordered to Pay Compensatory
        Sanctions for its Violation of the Order..............................13

IV.   CONCLUSION.............................................................14

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)...............................9

*Falstaff Brewing Corp.,* 702 F.2d 779, 780 (9th Cir. 1983)...........................13

*FTC v. Productive Mktg., Inc.*, 136 F.Supp. 2d 1096, 1107 (C.D. Cal. 2001)........8

*Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986)......8, 13

*Gompers v. Bucks Stove & Range*, 221 U.S. 418, 444 (1911).......................14

*In re Crystal Palace Gambling.*, 817 F2d 1361, 1364 (9th Cir. 1987)..............8, 9

*In re Dual-Deck VCR Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)..............8

*Irwin v Mascott* 370 F3d 924, 931 (9th Cir. 2004)...................................8

*Shillitani v. United States*, 384 U.S. 364, 370 (1966)..................................8

*Shuffler v. Heritage Bank,* 720 F.2d 1141, 1146 (9th Cir. 1983)....................12

*Stone v. City and Co of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)...........9

*Yanish v. Barber*, 232 F.2d 939, 947 (9th Cir. 1956)...............................13

*United States v. United Mine Workers,* 330 U.S. 258, 304, 67

      S. Ct. 677, 91 L. Ed. 884 (1947)......................................13

## FEDERAL STATUTES

18 United States Code § 401(3).......................................................8

Federal Rule of Civil Procedure, Rule 70.............................................8

Federal Rule of Civil Procedure, Rule 71.............................................8

## STATE STATUTES

Code of Civil Procedure § 708.510................................................2, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This proceeding has been brought by Judgment Creditor Ramona Featherby, ("Featherby or Creditor") in response to violations of this Court's assignment order by Third Party Fox Rothschild, LLP. Featherby has sought Fox Rothschild's compliance with this Order, without success. She now requests an Order holding Fox Rothschild in civil contempt for violating the Court's explicit Order of November 20, 2008.

Featherby bases her motion upon (1) the $12-million unsatisfied judgment against the Judgment Debtors Larry and Aida Esacove, et al. ("Debtors" or "Esacoves") in this case;  (2) the Court's Order assigning to Creditor, all rights Debtors had to receive payments from Third Party EVMC Real Estate Consultants, Inc. ("EVMC");  (3) the Court's Further Order enjoining Debtors' attorneys from receiving payments from EVMC in payment of the Esacoves' debts;  (4) Fox Rothschild's notice of the Order; and  (5) Fox Rothschild's violation of the Order.

Featherby seeks compensatory sanctions in the amount of $165,000 for the losses she sustained as a result of Fox Rothschild's contemptuous actions.

## II.    STATEMENT OF FACTS

**The Judgment**.  On February 20, 1998, this Court awarded Plaintiff Ulrich Rischer a six-million-dollar judgment ("Judgment") against Larry and Aida Esacove and six entities they own and control, ("Debtors" or "Esacoves"). [Docket No. 102]  On May 10, 2007, Ulrich Rischer assigned his interest in the Judgment to Ramona Featherby, d.b.a. California Judicial Recovery Specialists, who timely renewed it on February 14, 2008.  [Docket No. 228]

The Esacoves challenged the assignment and Featherby's subsequent renewal.  The Esacoves' motion to set aside Featherby's actions was denied; their motion for reconsideration rejected.  [Docket Nos. 276, 302].  On April 20, 2010,

the Ninth Circuit Court of Appeals affirmed the District Court's decision. [Docket No. 450]. The judgment and the assignment are valid, final, and fully enforceable. The judgment remains, after 12 years, wholly unsatisfied. [Featherby Decl ¶ 2]

**The Motion for Assignment Order**. On January 23, 2008, Creditor moved the Court for an Order assigning certain rights the Esacoves have to payments due or to become due pursuant to F.R.Civ.P. 69 and Code Civ. Proc., §708.510. Creditor sought to take assignment on any future distributions the Esacoves would receive from certain third parties, whether those payments were to be paid directly to the Esacoves or indirectly to third parties in satisfaction of their personal obligations.

The parties named in the motion from which payments were sought consisted largely of businesses owned and controlled by the Esacoves, including EVMC, Real Estate Consultants, Inc. ("EVMC"). Thus, Featherby also moved the Court to enjoin all debtors, their principals, agents, partners, managers, attorneys, employees, servants, heirs, assignees, successors, representatives and all persons acting under, in concert with or for them from receiving, transferring, assigning, disposing, interfering with, or encumbering any of the current or future rights to payment enumerated therein. The Esacoves filed an opposition.

On June 5, 2008, the Court granted Featherby's motion. The following day, the Court presented the parties with a Proposed Assignment Order and requested that any objections thereto be filed with the Court eight days hence. [Docket Nos. 276, 274]

**Objections to the Proposed Order**. On June 13, 2008, the Esacoves filed an objection to Featherby's request to "enjoin nonparties such as the judgment

debtors' employees, servants, and attorneys from **receiving** assigned current rights or future rights to payments due Judgment Debtors." [Emphasis presented in original].  The Esacoves contended, "It may be difficult or even impossible for nonparties to know the source of funds they may receive from Judgment Debtors and thus this provision puts an undue burden on these nonparties".  The Esacoves also objected to what they referred to as the vague and ambiguous use of the term "**indirectly**."  They asked that both be stricken from the Order.  [Exhibit 1]

Responding to the Esacoves' concern that an undue burden would be placed upon nonparties, Featherby explained that under the code, nonparties were unaffected by an assignment order until they receive notice of the order.  Once notice is received, however, liability for failure to adhere to the order may indeed be imposed upon a third party.  Turning to Debtor's objection to the term "indirectly", Featherby argued that the term was essential to enforce the assignment order.  Featherby reasoned that if Debtors were permitted to evade the Order by "indirectly" allowing third parties to pay its personal bills, instead of paying Debtors directly, the Court's order may be rendered meaningless. Featherby argued that without inclusion of the term "indirectly", Debtors' shell corporations may be used to disguise payments by indirectly compensating Debtors (e.g., paying living expenses) in lieu of issuing a paycheck.  [Exhibit 2]

**The Assignment Order**.  On November 20, 2008 the Court entered the Order as written in its Proposed Order.  The Court Ordered "[t]hat the rights to payments or proceeds, including fees, royalties, commissions, bonuses, securities, properties, annuities or other such interests, assets, earnings, future distributions and bequests belonging to [Debtors], their agents, representatives and assigns are assigned to [Featherby] until such time as the judgment herein is fully satisfied or this Order is amended".

MEMORANDUM OF POINTS AND AUTHORITIES

The Court further ordered "[a]ny and all proceeds, commissions, and payments due to Judgment Debtors from the following third parties either directly or indirectly are assigned and shall be payable directly to Judgment Creditor:

> Ramca, LLC; Alesa, Inc.; Nebo LLC; Englewood Capital LLC; Santa Ynez Ltd.; Englewood, USA, Inc.; EVMC Real Estate Consultants, Inc.; Eltrade (a.k.a.Eltrade International Ltd., Eltrade Ltd., and Eltrade/Englewood); The Lawrence A. Esacove and Aida Esacove Family Trust dated May 6, 1997; T.M.C. Financial Services, Inc.; Esacove Finance and Development Company (a.k.a. Esacove Financial and Development, Inc.); Esacove Grantor Trust; E & E Funding Development, Inc.; Englewood Mortgage Company; Lincoln Diversified Group; Sereshkani Limited; M.P.E.S. Corporation; Aurelius Limited; and Advantage, Inc.

The Court also ordered that "Judgment Debtors, as well as their respective principals, agents, partners, managers, attorneys, employees, servants, heirs, assignees, successors, representatives and all persons acting under, in concert with or for them, are hereby enjoined from receiving, transferring, assigning, disposing, interfering with, or encumbering any of the assigned current or future rights to payment due Judgment Debtors pending further order of this Court." [Exhibit 3] Debtors did not appeal the Order.

**Notice of the Order**. On November 21, 2008 Creditor gave notice of the Assignment Order to Debtors, the businesses named in the Order, and to Debtors' attorney of record, Staci Riordan of Thelen Reid Brown Raysman & Steiner, LLP.

On December 17, 2008, Featherby gave notice of the Assignment Order to Staci Riordan of Fox Rothschild, LLP, who had, two days earlier, filed a request to substitute Fox Rothschild as attorney of record for the Debtors. Featherby's notice included the statement: NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTORS OR ANY NOTICED THIRD PARTY TO COMPLY

MEMORANDUM OF POINTS AND AUTHORITIES

WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTORS OR THIRD PARTY TO BEING SANCTIONED AND/OR HELD IN CONTEMPT OF COURT.  [Exhibit 4]

**Debtor's Testimony**. Featherby examined Larry Esacove on May 12, 2009, June 18, 2009 and again on July 6, 2009.  Fox Rothschild attorneys Staci Riordan and/or Javier Rivera were present for all three hearings.  On May 12, 2009, Larry Esacove testified that Tisdale & Nicholson was engaged by EVMC to manage its business activities.  [Exhibit 5]   On June 18, 2009, Esacove testified that EVMC had made a $30,000 payment to Fox Rothschild for his benefit a week or so before the examination.  [Exhibit 6]

In anticipation of the July 6, 2009 examination and in response to a subpoena requesting evidence of payments made by him or on his behalf to his attorneys, Larry Esacove produced a copy of an e-mail dated June 30, 2009 from Fox Rothschild attorney Staci Riordan to her associate Javier Rivera, marked FESA 01007.  [Exhibit 7]  The subject line read *"Summary of Esacove Payments to date"* and listed the following six dates and corresponding dollar amounts:

- March 12, 2009          $25,000.00
- March 25, 2009          $25,000.00
- March 31, 2009          $10,000.00
- May 11, 2009            $25,000.00
- June 11, 2009           $30,000.00
- June 22, 2009           $10,000.00

**Creditor's Demand for Compliance**. On August 14, 2009, Featherby sent a letter to Fox Rothschild demanding any and all proceeds it had received from EVMC for Debtors' benefit after the Assignment Order was served on them.  Fox Rothschild responded with a statement that counsel was meeting and conferring

with the wrong party as "Fox Rothschild does not represent EVMC in connection
with this litigation, nor is it authorized to make payments on its behalf". [Exhibit 8]

**The EVMC Judgment**.  In October 2009, Featherby took assignment on a
judgment entered against EVMC in Central District Case *USA Flea Market v.
EVMC Real Estate Consultants, Inc.*, No.: 10-CV-00917-ABC (Manx).  [Exhibit 9]
In her quest to identify income and assets which could be taken to satisfy the
judgment against EVMC, Featherby served subpoenas on EVMC's banking
institutions, accountants, attorneys, and others with whom EVMC does business.
The result was illuminating.  [Featherby Decl ¶14]

**EVMC's Payments to Fox Rothschild**.  In response to a subpoena served
upon them in the EVMC case, the law firm of Tisdale & Nicholson, LLP
("Tisdale") produced documents evidencing a client trust account they maintained
for the benefit of EVMC, through which disbursements were paid to the Esacoves'
creditors - including the Esacoves' attorney Fox Rothschild.  The Tisdale
production showed that it made three wire transfers to Fox Rothschild from the
EVMC account:

- March 12, 2009          $25,000.00
- March 24, 2009          $25,000.00
- March 31, 2009          $10,000.00

All three transfers referenced Client No: 56060.  [Exhibit 10]
Documents produced by Citibank, N.A. on accounts held by EVMC
also revealed that EVMC had been indirectly compensating Larry and Aida
Esacove by issuing checks and transferring funds for personal expenses,
including obligations to Fox Rothschild in satisfaction of the Esacoves'

MEMORANDUM OF POINTS AND AUTHORITIES

personal legal fees. EVMC's Citibank records evidenced five such payments
to Fox Rothschild:

- April 22, 2009          $25,000.00
- June 8, 2009           $30,000.00
- June 16, 2009          $10,000.00
- July 7, 2009           $15,000.00
- September 15, 2009     $25,000.00

All of the above Citibank/EVMC payments [Exhibit 11], show they were to be
credited to the account of Client No. 56060. The June 8, 2009 check further
confirmed that EVMC was the remitter and "Client No. 56060" was "Esacove".

**Client No.: 56060**.  On May 11, 2009, Fox Rothschild filed by electronic
filing, a Notice of Motion and Motion for Contempt against Ramona Featherby.
Page 1 of the transmission identifies the Esacoves as Fox Rothschild's Client No.
56060.  [Docket No. 374]

**Fox Rothschild's Complaint Against the Esacoves**.  On April 28, 2010, in
support of their application to be relieved as counsel in this matter, Fox Rothschild
requested that this Court take judicial notice of the Verified Complaint for
Collection they filed in California State Case, *Fox Rothschild, LLP v. Esacove et
al.*, LASC BC 436130.  In it, Fox Rothschild admits that Defendants "made regular
payments until in or about July 2009" and that "In September 2009, Defendants
made a good faith payment of $25,000 towards their outstanding balance".
[Docket No. 448, Page 4 at ¶18, 19].  [Exhibit 12]

**Featherby's Attempt to Meet and Confer**.  On June 28, 2010 Featherby
sent a letter by fax and by overnight courier to Fox Rothschild partner and former
lead counsel for the Esacoves Malcolm S. McNeill in an attempt to meet, confer,

MEMORANDUM OF POINTS AND AUTHORITIES

and settle this matter without court intervention.  [<u>Exhibit 13</u>]  Featherby received no response.  [<u>Featherby Decl ¶19</u>]

## III.  ARGUMENT

### A.  Legal Standard

A finding of civil contempt is appropriate upon clear and convincing proof that a party "fail[ed] to take all reasonable steps within [its] power to comply [with a specific and definite court order]." *FTC v. Productive Mktg., Inc.*, 136 F.Supp. 2d 1096, 1107 (C.D. Cal. 2001) (quoting *In re Dual-Deck VCR Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

Willfulness is not an element of contempt; the "[f]ailure to comply need not be intentional." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citation omitted); *see also Productive Mktg.*, 136 F. Supp. 2d at 1107 ([T]here is no good faith exception to the requirement of obedience to a court order."). The decision whether to hold a party in contempt is left to the court's discretion. *In re Crystal Palace Gambling Hall, Inc.*, 817 F2d 1361, 1364 (9th Cir. 1987).

### B.  This Court Has Jurisdiction Over Fox Rothschild, LLP.

The Court has inherent power to enforce compliance with its lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also* 18 U.S.C. § 401; *In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1364 (9th Cir. 1987); *see also* Fed. R. Civ. P. 70. When an order of the court is addressed to a non-party who has notice of it, Fed. R. Civ. P. 71 permits the Court to use the same processes for enforcing obedience as if the non-party were a party. This includes holding the non-party in contempt for violating its order. *Irwin v Mascott* 370 F3d 924, 931 (9th Cir. 2004).

Fox Rothschild, LLP was fully apprised of the Court's ruling by virtue of
their 17-month long representation of the Esacoves in this case.  Additionally, Fox
Rothschild was served with the Assignment Order on December 17, 2008.  The
notice specifically advised that "FAILURE BY THE JUDGMENT DEBTORS OR
ANY NOTICED THIRD PARTY TO COMPLY WITH THIS ORDER MAY
SUBJECT THE JUDGMENT DEBTORS OR THIRD PARTY TO BEING
SANCTIONED AND/OR HELD IN CONTEMPT OF COURT" This Court's
jurisdiction over Fox Rothschild is unequivocal.

### C.   Fox Rothschild Violated a Clear Order of the Court.

In a civil contempt proceeding, the "'moving party has the burden of
showing by clear and convincing evidence that the contemnor violated a specific
and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239
(9th Cir. 1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850,
856 n.9 (9th Cir. 1992); *see also In re Crystal Palace*, 817 F.2d at 1365.
The burden then shifts to the contemnor to demonstrate why he has been unable to
comply with the order. *See Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)
(citing *Stone*, 968 F.2d at 856 n.9).

### 1.   The Order Precluded Fox Rothschild from Receiving Funds from EVMC in Payment of the Esacoves' Debt.

California's Enforcement of Judgments Law, at Section 708.510 et seq.,
permits a creditor to bring a noticed motion for an assignment order against a
judgment debtor's future receivables and all or part of a right to payment due or to
become due.  Once granted, the court effectively places the creditor in "first
position" to receive monies flowing from a third party payor to a debtor payee.
The court may also enjoin those who would attempt to intercept the flow of monies
or otherwise interfere with the priority rights granted to the creditor.

MEMORANDUM OF POINTS AND AUTHORITIES

An Assignment Order is temporary.  The Court may only order the assignment to the extent necessary to satisfy the money judgment.  In other words, once the creditor's judgment is satisfied, the right to receive payment reverts back to the debtor, who may then dispose of said rights and/or proceeds from the third party as he sees fit, including making payments to his other creditors.  Until then, however, any misappropriation of the assigned payments enumerated in the assignment order is a violation of the order.

On November 20, 2008, this Court granted just such an order, thereby positioning Featherby ahead of all other creditors, and indeed, the debtors themselves, to receive the outflow of monies from the several third parties named in the Order.  Specific to this motion: the Court assigned the Esacoves' right to receive future distributions from EVMC to Featherby until such time as her judgment is fully satisfied or the Court amends its Order.  On good cause shown, the Court also "enjoined [Debtors] as well as their respective principals, agents, partners, managers, attorneys, employees, servants, heirs, assignees, successors, representatives and all persons acting under, in concert with or for them from receiving, transferring, assigning, disposing, interfering with, or encumbering any of the assigned current or future rights to payment".

The language in the Order is specific:  Fox Rothschild was precluded from receiving payments from EVMC for obligations owed to Fox Rothschild by the Esacoves.

## 2.   Fox Rothschild Received Funds from EVMC in Violation of the Order.

Fox Rothschild's "*Summary of Esacove Payments to date*" admits that between March 12, 2009 and June 22, 2009, Fox Rothschild received six payments in satisfaction of the debt the Esacoves owed to the firm.  The first three payments described in the e-mail feature "received" dates of March 12th, 25th, and 31st, the

MEMORANDUM OF POINTS AND AUTHORITIES

same three dates shown on the Tisdale transfers from EVMC to Fox Rothschild.
The amounts indicated in Fox Rothschild's e-mail are also in lockstep with the
Tisdale transfers, each indicating denominations of $25,000, $25,000, and $10,000.
Any question as to which of Fox Rothschild's clients the Tisdale transfers were to
be credited is satisfied by the Tisdale transfer statements showing that payments
were for the benefit of Client #56060 – the very client reference Fox Rothschild
used in the motion they filed on May 11, 2009 to identify the Esacoves.

The remaining three payments referenced in Fox Rothschild's "*Summary of
Esacove Payments to date*" were similarly funneled through EVMC's Citibank
account. Fox Rothschild indicates receipt of $25,000 on May 11, 2009, $30,000
on June 11, 2009, and $10,000 on June 22, 2009. The Citibank evidence shows
that EVMC issued checks to Fox Rothschild for $25,000 on April 22, 2009,
$25,000 on June 8, 2009, and $10,000 on June 16, 2009.

Violations to the Assignment Order did not end with the six payments
shown in the Fox Rothschild e-mail. On July 7, 2009 EVMC issued a fourth check
in the amount of $15,000. As with the previous three, this too was secreted
through EVMC's Citibank account, payable to Fox Rothschild. It too referenced
Client #56060. The eighth and final violation of Fox Rothschild's assignment
order occurred on September 15, 2009 in the form of a $25,000 wire transfer sent
from EVMC's Citibank account to the same Fox Rothschild account into which the
Tisdale transfers had been credited. Fox Rothschild corroborates receipt of this
final payment in the State Court Complaint they filed against the Esacoves. There,
they admit having received a "good faith payment" from the Esacoves in
September of 2009. All told, Fox Rothschild received eight payments in the sum
of $165,000 in direct violation of the Court's Order.

MEMORANDUM OF POINTS AND AUTHORITIES

### 3.   Fox Rothschild Failed to Take Reasonable Steps to Ensure it Was in Compliance With the Order.

Fox Rothschild knew and understood the full implication of the Court's Order from the moment it was entered.  The Esacoves mounted a robust campaign in response to the Court's proposed order to enjoin "debtors' employees, servants, and attorneys from receiving assigned current rights or future rights to payments due Judgment Debtors."  The Court rejected their argument, just as it rejected their opposition to inclusion of the term "indirectly".  The Court concurred with Featherby that, "if Debtors were permitted to evade the Order by "indirectly" allowing third parties to pay its personal bills, instead of paying Debtors directly, the Court's order may be rendered meaningless."  Indeed, Featherby's early supposition that, *"Debtors' shell corporations may be used to disguise payments by indirectly compensating Debtors (e.g., paying living expenses) in lieu of issuing a paycheck"* **is precisely what has occurred here.**

Fox Rothschild had an obligation from the time they received the first Tisdale & Nicholson transfer to ascertain whether those monies were coming from the Esacoves or from one of the Esacoves' shell companies named in the Order.  They didn't.  Fox Rothschild sat silent while their own client testified that EVMC tendered a $30,000 payment to them for his benefit only days before.  When the checks and transfers came in clearly identifying the payor as EVMC, Fox Rothschild simply turn a blind eye. Letters from Featherby were dismissed or ignored entirely. A person fails to act as ordered by the court when he fails to take all reasonable steps within his power to ensure compliance with the court's order. *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1146 (9th Cir. 1983).  The evidence makes clear that Fox Rothschild failed to take *any* steps to ensure that they were in compliance with the Order.

MEMORANDUM OF POINTS AND AUTHORITIES

4.      **Featherby has been Damaged by Fox Rothschild's Contemptuous Behavior.**

By virtue of the Court's November 20, 2008 Assignment Order, all rights the Esacoves had to distributions from EVMC were assigned to Featherby.  Fox Rothschild knew and understood the priority position the Court had placed Featherby in and knew and understood the Court's clear order enjoining Fox Rothschild from receiving monies from the Esacoves by way of EVMC or any other of its other shell corporations named in the Order.  Fox Rothschild disregarded the Court's Order by intercepting those payments for their own benefit.  All monies flowing, directly or indirectly, from EVMC to the Esacoves, belong to Featherby.  This includes the $165,000 Fox Rothschild received as payment for the Esacoves' debt to them.

As a direct result of Fox Rothschild's actions, Featherby has been damaged in the amount of $165,000, the sum of the eight payments Fox Rothschild received from EVMC Real Estate Consultants, Inc. to satisfy the Esacoves debt.

D.      **Fox Rothschild Must be Ordered to Pay Compensatory Sanctions for its Violation of the Order.**

Civil contempt sanctions serve two purposes: "to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *General Signal v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir. 1986).  "Where a contempt is found and damages are found to result therefrom, the trial court has no discretion, but is required to assess the damage against the respondent." *Yanish v. Barber,* 232 F.2d 939, 947 (9th Cir. 1956).  Where compensation is intended, the fine must be based upon evidence of a complainant's actual loss. *United States v. United Mine Workers,* 330 U.S. 258, 304, 67 S. Ct. 677, 91 L. Ed. 884 (1947).  Such a fine is ordered "payable to the complainant." *Id.; see also Falstaff Brewing Corp.,* 702 F.2d 779, 780 (9th Cir.

MEMORANDUM OF POINTS AND AUTHORITIES

1983) (*citing Gompers v. Bucks Stove & Range.*, 221 U.S. 418, 444 (1911) ("The only possible remedial relief for such [past acts of] disobedience is to impose a fine for the use of complainant, measured . . . by the pecuniary injury caused by the act of disobedience.")

All rights the Esacoves had to distributions from EVMC were assigned to Featherby in a clear and unambiguous Order of the Court. Fox Rothschild knew and understood the assignment and knew and understood the Court's clear order enjoining them from receiving monies from the Esacoves by way of EVMC, yet they intercepted those payments for their own benefit in clear violation of the Court's Order. As a direct result of Fox Rothschild's actions, Featherby incurred a loss of $165,000; the sum of the eight payments Fox Rothschild received from EVMC Real Estate Consultants, Inc. Fox Rothschild is obligated to compensate Featherby for her loss.

## IV.    **CONCLUSION**

Featherby respectfully requests that this Court issue an Order finding Fox Rothschild LLP in civil contempt for violating the Court's clear Order of November 20, 2008; and further, that it remedy Fox Rothschild's violation by imposing a compensatory fine against Fox Rothschild, payable to Featherby, for $165,000.

Respectfully submitted,

Dated:    7-12-10

Ramona Featherby, d.b.a.
California Judicial Recovery Specialists
Judgment Creditor

-14-