1 MALCOLM S. MCNEIL, SBN 109601
2 STACI J. RIORDAN, SBN. 232659
FOX ROTHSCHILD LLP
3 1800 Century Park East, Suite 300
Los Angeles, CA 90067
4 (310) 598-4150 (PH) (310) 556-9828 (F)
5 sriordan@foxrothschild.com

6 Attorneys for Non-Party,
7 Fox Rothschild, LLP

8

9 **UNITED STATES DISTRICT COURT**

10 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11 ULRICH RISCHER, an individual, | Case No.: CV 96-03886 SJO-RNB |
| 12 Plaintiff, | Honorable S. James Otero |
| 13 vs. | **OPPOSITION OF NON-PARTY FOX ROTHSCHILD TO FEATHERBY'S MOTION FOR AN ORDER OF CONTEMPT AGAINST FOX ROTHSCHILD, LLP; DECLARATION OF STACI RIORDAN; EXHIBITS.** |
| 14 BANLAVOURA I INC. TRUST, a California corporation, ENGLEWOOD I INC. TRUST, California corporation, BANLAVOURA I INC., California corporation, ENGLEWOOD I INC., California corporation, LARRY ESACOVE, an individual, and AIDA ESACOVE, an individual, | |
| 18 | **Hearing Date: August, 2010** **Time: 10:00 a.m.** **Room: 1, 2nd Floor** |
| 19 Defendants. | |
| 20 | |
| 21 | **E-Filed on July 26, 2010 at 3:00 p.m.** |
| 22 | |

23 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24 Non-Party Fox Rothschild, LLP ("Fox") respectfully submits the following

25 Opposition to Assignee Ramona Featherby dba California Judicial Recovery

26 Specialist's ("Featherby") Motion for an Order Holding Third Party Fox Rothschild,

27 LLP in Contempt ("Motion") as follows:

28

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

**NON-PARTY FOX ROTHSCHILD'S OPPOSITION TO FEATHERBY'S MOTION FOR AN ORDER OF CONTEMPT AGAINST FOX ROTHSCHILD, LLP**

LA1 49295v2 07/26/10

## I.    INTRODUCTION

An Assignment Order forces a party bound by the order to give a judgment debtor's right to payment to a judgment creditor instead.  Fox is neither the judgment debtor nor judgment creditor in this matter.

It is undisputed that Fox is not a third party named in the Assignment Order in this case.  By definition, Fox cannot violate an order it is not subject to.

And even if Fox were somehow subject to the Assignment Order, Fox has no property to which it would attached.  Fox never held money for the Esacoves, was not a depository for the Esacoves, nor was Fox a courier of money for the Esacoves.

This issue was addressed over a year ago with Featherby's former counsel, John Guerrini.  Fox's position was then as it is now – Fox is not subject to the Assignment Order and even if it were, Fox does not, and is not, holding any money which could be attached.  Fox advised Featherby that if she holds the (mistaken) belief that EVMC Real Estate Consultants, Inc. "(EVMC") is, or was, making payments in violation of the Assignment Order, that issue should be taken up with EVMC and its corporate counsel.

Contrary to Featherby's claims, Larry Esacove testified in his debtor's exam that he did not receive any income from EVMC.  To date, there is no indication that Featherby followed up with EVMC vis a viz the Assignment Order.

Fox provided legal services to both EVMC and the Esacoves, and to date, has been partially compensated for those services.  Fox does not have any excess monies belonging to the Esacoves.

As Fox informed Featherby over a year ago, she has targeted the wrong party, who sadly now joins her in trying to collect a debt from the Esacoves.

Nonetheless, Featherby continues her relentless persecution of Fox, wasting resources and judicial economy, brazenly filing a motion devoid of legal support and served on the wrong party. Accordingly, Featherby's motion is wholly without

1

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

**NON-PARTY FOX ROTHSCHILD'S OPPOSITION TO FEATHERBY'S MOTION FOR AN ORDER OF CONTEMPT AGAINST FOX ROTHSCHILD, LLP**

1  merit and must be denied.

2  **II.    STATEMENT OF FACTS**

3      A.    <u>**Procedural History**</u>

4      In or about December 2008, Fox undertook representation of Larry and Aida

5  Esacove (the "Esacoves")  Declaration of Staci Jennifer Riordan ("Riordan Decl.") ¶

6  3.  Fox's internal billing number for the Esacoves was 56060-1.  *Id.*

7      In or about February 2009, Fox was also advising EVMC Real Estate

8  Consultants, Inc. "(EVMC"), via its authorized representatives, the Esacoves in

9  connection with litigation.  *Id.*, ¶ 4.[1]

10     For simplicity purposes, Fox used billing number 56060-1 for work done for

11 both EVMC and the Esacoves, but eventually designated separate billing numbers

12 for EVMC on March 18, 2009 and July 31, 2009.  *Id.*, ¶ 5.  Fox's internal billing

13 numbers for EVMC matters also began with 56060-2 and 56060-3.  *Id.*

14     On June 30, 2009, Fox made a formal appearance on behalf of EVMC in the

15 then pending middle district of Florida Case, *USA Flea Market v. EVMC Real*

16 *Estate Consultant, Inc.*, CASE NO. 8:06-CV-00431-SCB-TBM ("*Flea Market v.*

17 *EVMC*").  *Id.*, ¶ 6, Ex. A.

18     When EVMC failed to make the payments promised under the settlement

19 agreement in *Flea Market v. EVMC* , Flea Market registered the judgment in the

20 Central District of California (Case No. 10:CV-00917-ABC-MAN), and assigned it

21 to Featherby.  *See* Docket Entries 1 & 2, 10:CV-00917-ABC-MAN.

22     In connection with its representation of EVMC under matters 56060-2 and

23 56060-3, Fox billed and received $35,008.67.  *Id.*, ¶ 7.

24     In connection with its representation of EVMC and the Esacoves under matter

25

26 [1] In the interest of protecting the attorney-client privilege, Fox has tried to provide the Court with the appropriate
   amount of information while continuing to protect its former clients interests.  Further information will be provided to
27 the Court in Camera, on request.

2

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

28

**NON-PARTY FOX ROTHSCHILD'S OPPOSITION TO FEATHERBY'S MOTION FOR AN ORDER OF
CONTEMPT AGAINST FOX ROTHSCHILD, LLP**

1  56060-1, Fox received approximately $129,991.33. *Id.*, ¶ 8. Due to non-payment

2  among other reasons, Fox ceased representing the Esacoves and EVMC in or about

3  November 2009. *Id.*, ¶ 9.

4       Currently, Fox is seeking $297,730.90 in unpaid attorneys fees and cost from

5  the Esacoves, EVMC and other entities, in the Los Angeles State Court action, *Fox*

6  *Rothschild, LLP v. Larry Esacove et al*, Case No. BC 436130, filed April 20, 2010

7  ("State Court Collection Action"). *Id.*, ¶ 10, Ex. B. To date, the $297,730.90

8  remains unpaid. *Id.*, ¶ 11.

9  **B.**   **The Assignment Order in this Matter**

10       The Assignment Order in this matter issued in November 2008, well prior to

11  Fox's involvement in this Case. Assignment Order, ¶ 3, Featherby Declaration, Ex.

12  3, and Docket Entry 329. The Court, *inter alia*, assigned Featherby the right to

13  receive "[a]ny and all proceeds, commissions, and payments due to Judgment

14  Debtors"[2] from 18 third parties, one of which is EVMC Real Estate Consultants,

15  Inc. ("EVMC"). *Id.*

16       Despite the fact that Fox is not one of the third parties named in the

17  Assignment Order, Featherby contacted Fox via her prior counsel in August 2009,

18  purporting to meet and confer on Fox's alleged violation of the Assignment Order.

19  *Id.*, ¶ 12, Ex. C. As typical in this matter, the alleged meet and confer letter

20  contained no legal analysis and misstated material facts. *Id.*

21       Fox responded then as it is now – Fox is not subject to the Assignment Order

22  and even if it were, Fox does not and is not holding any money which could be

23  attached. *Id.*, ¶ 13, Ex. D. Fox advised Featherby that if she holds the (mistaken)

24  belief that EVMC is, or was, making payments in violation of the Assignment

25  Order, that issue should be taken up with EVMC and its corporate counsel. *Id.*

26

27  ---

[2] "Judgment Debtor" means the person against whom a judgment is rendered. CCP 680.250

3

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

28

---

**NON-PARTY FOX ROTHSCHILD'S OPPOSITION TO FEATHERBY'S MOTION FOR AN ORDER OF CONTEMPT AGAINST FOX ROTHSCHILD, LLP**

1   There is no indication that Featherby followed up with EVMC. *Id.*, ¶ 14.

2   **III.   LEGAL STANDARD FOR CONTEMPT**

3        To hold Fox in contempt, Featherby must establish: "(1) that [Fox] violated

4   a court order, (2) beyond substantial compliance, (3) not based on a good faith and

5   reasonable interpretation of the order, (4) by clear and convincing evidence."

6   *Labor/Cmty. Strategy Ctr. v. L.A. County Metro. Transp. Auth.*, 564 F.3d 1115,

7   2009 U.S. App. LEXIS 9728, at *22 (9th Cir. May 5, 2009).

8        Featherby failed to meet her burden and her motion must be denied.

9   **IV.   FEATHERBY HAS FAILED TO ESTABLISH THAT FOX IS IN**

10       **CONTEMPT OF COURT**

11       **A.**    <u>**Fox has Not Violated a Court Order Because An Assignment**</u>

12       <u>**Order Only Binds The Parties Listed in the Order**</u>

13       When an assignment order issues, it gives a judgment creditor the right to

14  receive payments or future payments from a third party.  CCP § 708.510.  To

15  receive money under an assignment order, a judgment creditor must (1) give notice

16  to the named third party, and (2) the third party must be **<u>obligated</u>** to make

17  payments to the judgment debtor.  CCP § 708.540.  (Emphasis Added.)

18       Here, Fox is not named in the Assignment Order, nor is it obligated *to* make

19  payments to the judgment debtors in this matter.  Thus, from the plain text of the

20  assignment order alone, Featherby's motion must be denied.

21       **B.**    <u>**Featherby Has Moved Against the Wrong Party**</u>

22       Fox does not dispute that EVMC is named in the Assignment Order.  Fox has

23  no knowledge as to whether EVMC was served with the Assignment Order.  At

24  issue is whether EVMC had any obligation to make payment to Esacoves.

25       The proper party to respond to this issue is EVMC, a third party bound by the

26  Assignment Order, not Fox.  Thus, if Featherby seeks to hold someone, or

27

28

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

4

1  something, in contempt for violating an Assignment Order, Fox respectfully

2  suggests she should look to those third parties named in the Assignment Order or to

3  the Judgment Debtors.  CCP § 1209(5); Schwartz and Ahart, CALIFORNIA PRACTICE

4  GUIDE, ENFORCING JUDGMENTS AND DEBTS, section 6:1455, pg. 6G-44 (2008) ;

5  Riordan Decl..¶ 13, Ex. D.

6      **C.**    <u>**An Assignment Order Does Not Prevent a Corporation From**</u>

7              <u>**Paying its Own Debts.**</u>

8      Fox does not deny that it received payment from EVMC for services rendered

9  to EVMC.  Featherby cites to no authority, since there is none, that prevents a

10  corporation from paying its obligations.  Even a person or entity with a money

11  judgment entered against it is permitted to pay its debts and obligations.

12      Here, Fox performed services for EVMC and was properly compensated for

13  those services by EVMC.  Featherby as the current owner of the judgment entered in

14  *Flea Market v. EVMC* is clearly aware that Fox performed work for EVMC.  *See*

15  Declaration of Ramona Featherby, ¶13, Docket Entry 474.

16      Thus, Featherby has failed to met her burden to show that Fox violated a court

17  order by accepting payment from EVMC for services rendered to EVMC.

18  Accordingly, her motion should be denied.

19      **D.**    <u>**An Assignment Order Does not Prohibit Loans to the Judgment**</u>

20              <u>**Debtors.**</u>

21      The Assignment Order at issue assigns "[a]ny and all proceeds, commissions,

22  and payments due to Judgment Debtors" to Featherby.  Featherby has failed to

23  identify any proceeds, commissions, and payments due to Judgment Debtors from

24  EVMC.  What the evidence submitted in support of the Motion, is that EVMC

25  loaned the Esacoves Money.

26  / / /

27

28  5

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

1.   <u>Loans and "proceeds, commissions, and payments" are not</u>
<u>synonymous</u>

It would be unreasonable to interpret the Assignment Order to mean that loans and "proceeds, commissions, and payments" are synonymous.

- Black's Law Dictionary defines loans as: "a lending.  Delivery by one party to and receipt of another party of sum of money upon agreement, express or implied, to repay it with or without interest."  BLACK'S LAW DICTIONARY, SPECIAL DELUXE Edition (5th Ed. 1979.) p. 844.

- Black's Law Dictionary defines proceeds as: "issues; income; yield; receipts; produce; money or articles or other thing of value arising or obtained by the sale of property; the sum, amount or value of property sold or convert into money or into other property."  *Id.*, pg. 1086.

- Merriam-Webster's Dictionary defines commissions as: "a fee paid to an agent or employee for transacting a piece of business or performing a service; *especially* : a percentage of the money received from a total paid to the agent responsible for the business."[3]

- Blacks Law dictionary defines payments as: "performance of a duty, promise, or obligation or discharge of a debt or liability, by the delivery of money or other value by a debtor to a creditor, where the money or other valuable thing is tendered and accepted as extinguishing debt or obligation in whole or in part."  BLACK'S LAW DICTIONARY, *supra*, pg. 1016.

In sum "proceeds, commissions, and payments" are complete transfers of money or other property from one person to another for some type of consideration.  In contrast, a loan is merely temporary.  Loan funds are not the borrowers property

---

[3] See: http://www.merriam-webster.com/dictionary/commission

6

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

1  to keep and enjoy exclusively.  Loans must be repaid.  BLACK'S LAW DICTIONARY,
2  *supra*, pg. 844.

3       2.  <u>EJL does not include "loans" as a type of payment properly includable</u>
4         <u>in an Assignment Order.</u>

5       The Assignment Order does not include loan funds, nor could it as "loan" is
6  not enumerated as a "payment" under section 708.510.  Thus, the Assignment Order
7  does not expressly prohibit the enumerated third parties bound by it from making
8  loans to the judgment debtors.  Fox is not aware of any company "obligated" to
9  make a loan.

10       As discussed above, a loan is fundamentally different from a payment.
11  Lending is only temporary in nature.  BLACK'S LAW DICTIONARY, *supra*, pg. 844.  A
12  loan needs to be repaid or returned to the originator.  *Id.*  Even the government treats
13  loans different that proceeds commissions and payments.  "Proceeds, commissions,
14  and payments" are income and thus, taxed, while loan funds are a debt and are not.
15  *See* www.irs.gov.

16       3.  <u>A reasonable person would not interpret the Assignment Order to</u>
17         <u>prohibit loans</u>

18       Fox anticipates that Featherby will argue it should have construed the
19  Assignment Order as prohibiting the Esacoves from accepting loans from EVMC.
20  Such an argument is both unsupported by law, and not a reasonable interpretation of
21  the Assignment Order.

22       First, a diligent search produced no case law prohibiting Fox from accepting
23  monies that came from loans to a judgment debtor from an entity subject to an
24  assignment order, nor was any such authority cited by Featherby in any
25  correspondence or in her moving papers.

26

27

28

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

7

**NON-PARTY FOX ROTHSCHILD'S OPPOSITION TO FEATHERBY'S MOTION FOR AN ORDER OF CONTEMPT AGAINST FOX ROTHSCHILD, LLP**

1    Second, it would be unreasonable to think that a third party business is
2  prohibited from undertaking normal business activities due to an assignment order.
3  Fox no longer represents EVMC and never represented it in a corporate capacity.
4  Fox cannot speak to the reasoning behind its business dealings nor was it obligated
5  to.

6    **E.    EVMC Was Authorized to Loan the Esacoves Money**

7    Aida Esacove, now deceased, informed Fox that EVMC was authorized to
8  loan the Esacoves money.  This was substantiated by EVMC minutes.  Riordan
9  Decl. ¶ 16, Ex. E.  This was also substantiated by Larry Esacove's debtor exam
10 testimony.  ; Riordan Decl. ¶ 18; *see generally*, Featherby Declaration, Exhibits 6 &
11 7.

12    Further, EVMC documents were also produced showing Larry Esacove could
13 sign checks on behalf of EVMC.  Riordan Decl. ¶ 18, Ex. F.  As discussed above,
14 loans are not proceeds, commissions or payments.  Since EVMC had no obligation
15 to give the Esacoves monies, Fox could not have interfered with Featherby's rights
16 under the assignment order.

17    Thus, Featherby has failed to met her burden of producing clear and
18 convincing evidence, the highest burden of proof possible in a civil action, to show
19 that Fox violated a Court Order by accepting payment from the Esacoves, for
20 services actually rendered, from funds loaned to them by EVMC.  Accordingly,
21 Featherby's motion should be denied.

22    **F.    Featherby's Suggested Interpretation of the Assignment Order is**
23         **Inequitable.**

24    Featherby drafted the Assignment Order, and any ambiguities in that order
25 should be construed against her.  Cal. Civil Code Section 1654.  If she wished for
26 the Court to consider including loans, she should have included it in the first

27

28

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

8

1  instance or moved to modify the Assignment Order when she learned that the

2  Esacoves were receiving loans from EVMC over a year ago.  Riordan Decl. ¶¶ 12 &

3  13, Exs. C & D; *see generally*, Featherby Declaration, Exhibits 6 & 7.  Featherby

4  did neither.

5       It would inequitable to interpret the Assignment Order from prohibiting the

6  Esacoves from paying current obligations.  Fox provided them services.  The

7  Esacoves paid (at least in part) for those services.

8       There is no law that prohibits Debtors from taking out loans.  In this case, the

9  Esacoves had two mortgages that were issued while the judgment was in place.

10  Under Featherby's line of reasoning, the person who sold the house to the Esacove,

11  and received monies that the Esacoves received from a bank, should be held in

12  contempt of court also.

13       If the Court decides to adopt Featherby's suggested meaning of the

14  Assignment Order – that loans are synonymous with payments -- it would be

15  embarking down a slippery slope.  <u>First</u>, Judgment Debtors and EVMC are not

16  represented in connection with this motion, nor are they the target of this motion.

17  They have not had a chance to be heard on the issue of whether EVMC loans should

18  be recharecterized as proceeds, commissions or payments, which could violate their

19  due process rights.

20       <u>Second</u>, a decision in favor of Featherby would conceivably cause a slew of

21  other contempt motions as Larry Esacove testified that he used the money loaned to

22  him by EVMC to pay a variety of bills, *inter alia*, his mortgage, his car, his medical

23  bills, his grocery bills, nail and hair salon expenses and restaurants.  Esacove Decl. ¶

24  12.  Would all of those non-parties be held liable for violating an order that did not

25  apply to them as they were not named?

26

27

28

9

Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

1      In sum, Civil Contempt is a serious charge, and it is remedy not appropriate

2  or equitable in these circumstances against Fox.  While it is understandable that

3  Featherby is upset as she has collected very little money in almost 3 years of trying,

4  Fox, as demonstrated herein, is not the right target for her anger, nor is it a deep

5  pocket.

6      Fox is now in the same situation as Featherby – trying to collect money from

7  the Esacoves  And Fox, unlike Featherby, provided services to the Esacoves, for

8  which it has not been paid, and has suffered harm from the Esacoves' failure to meet

9  their obligations.  The loss caused by the Esacoves has personally effected its

10  attorneys in the Los Angeles office.[4]

11     Although a collection action is pending, Fox is not optimistic about its ability

12  to collect.

13  **IV.    CONCLUSION**

14     For the foregoing reasons, Fox respectfully requests that the Court deny

15  Featherby's Motion in full.

16

17

18  Dated: July 26, 2010          FOX ROTHSCHILD LLP

19

20                    /s/ Staci Jennifer Riordan_____
                     Malcolm S. McNeil
21                   Staci Jennifer Riordan
                     Attorneys for Third Party
22                   Fox Rothschild, LLP

23

24

25

26  ――――――――――――――
    [4] Again, we would be happy to provide further information to the Court if required, but in the
27  interest of privacy, further details have been omitted.

                               10
28
Fox Rothschild LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067
310.598.4150
310.556.9828

**NON-PARTY FOX ROTHSCHILD'S OPPOSITION TO FEATHERBY'S MOTION FOR AN ORDER OF
CONTEMPT AGAINST FOX ROTHSCHILD, LLP**

# DECLARATION OF STACI J. RIORDAN

## DECLARATION OF STACI J. RIORDAN

I, **Staci J. Riordan**, declare as follows:

1.     I am an attorney duly licensed in the state of California and the Central District of California.  I am an associate of Fox Rothschild, LLP ("Fox").  I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.     I submit this declaration in support of Fox's Opposition to Assignee Ramona Featherby dba California Judicial Recovery Specialist's ("Featherby") Motion for an Order Holding Third Party Fox Rothschild, LLP in Contempt ("Motion")

**Procedural History**

3.     In or about December 2009, Fox undertook representation of Larry and Aida Esacove (the "Esacoves")  Fox's internal billing number for the Esacoves was 56060-1.

4.     In or about February 2009, Fox was also advising EVMC Real Estate Consultants, Inc. "(EVMC"), via its authorized representatives, the Esacoves in connection with litigation.  In the interest of protecting the attorney-client privilege, Fox has tried to provide the Court with the appropriate amount of information while continuing to protect its former clients interests.  Further information will be provided to the Court in Camera, on request.

5.     For simplicity purposes, Fox used billing number 56060-1 for work done for both EVMC and the Esacoves, but eventually designated separate billing numbers for EVMC on March 18, 2009 and July 31, 2009.  Fox's internal billing numbers for EVMC matters were 56060-2 and 56060-3.

6.     On June 30, 2009, Fox made a formal appearance on behalf of EVMC in the then pending middle district of Florida Case, *USA Flea Market v. EVMC Real Estate Consultant, Inc.*, CASE NO. 8:06-CV-00431-SCB-TBM ("*Flea Market v.*

*EVMC*").  A true and correct copy of Fox's Notice of Appearance is attached hereto as Exhibit A.

7.      In connection with its representation of EVMC under matters 56060-2 and 56060-3, Fox billed and received $35,008.67.

8.      In connection with its representation of EVMC and the Esacoves under matter 56060-1, Fox received approximately $129,991.33.

9.      Due to non-payment among other reasons, Fox ceased representing the Esacoves and EVMC in or about November 2009.

10.     Currently, Fox is seeking $297,730.90 in unpaid attorneys fees and cost from the Esacoves, EVMC and other entities, in the Los Angeles State Court action, *Fox Rothschild, LLP v. Larry Esacove et al*, Case No. BC 436130, filed April 20, 2010 ("State Court Collection Action").  A true and correct copy of the State Court Action is attached hereto as Exhibit B.

11.     To date, the $297,730.90 remains unpaid.

**The Assignment Order in this Matter**

13.     Despite the fact that Fox is not one of the third parties named in the Assignment Order, Featherby contacted Fox via her prior counsel in August 2009, purporting to meet and confer on Fox's alleged violation of the Assignment Order. As typical in this matter, the alleged meet and confer letter contained no legal analysis and misstated material facts.  A true and correct copy of Featherby's August 2009 letter is attached hereto as Exhibit C.

14.     Fox responded then as it is responding now – Fox is not subject to the assignment order and even if it were, Fox does not and is not holding any money which could be attached.  Fox advised Featherby that if she holds the (mistaken) belief that EVMC is, or was, making payments in violation of the Assignment Order, that issue should be taken up with EVMC and its corporate counsel.  A true and correct copy of Fox's August 20, 2009 letter is attached hereto as Exhibit D.

15.    There is no indication that Featherby followed up with EVMC about her concerns regarding EVMC's alleged compliance with the Assignment Order.

16.    Aida Esacove, now deceased, informed me that EVMC was authorized to loan the Esacoves money.  This was substantiated by EVMC minutes.  A true and correct copy of EVMC minutes date November 1, 2005 are attached hereto as Exhibit E.

17.    In his debtor's exam when I was present, Larry Esacove testified that he never received payment, proceeds or commissions from EVMC.  Mr. Esacove testified that EVMC loaned him money, which he planed on repaying.

18.    EVMC documents were produced in this matter showing Larry Esacove could sign checks on behalf of EVMC.  A true and correct copy of EVMC minutes dated November 12, 2005 are attached hereto as Exhibit F.


I declare under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this 26 day of July 2010 in Los Angeles, California.


**/s/ Staci J. Riordan**

Staci J. Riordan

LA1 49295v2 07/26/10

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:06-cv-00431-SCB-TBM

USA FLEA MARKET, LLC, etc.,                    }
                                               }
                 *Plaintiff,*                  }
                                               }
v.                                             }
                                               }
EVMC REAL ESTATE CONSULTANTS,                  }
INC., etc.,                                    }
                                               }
                 *Defendant.*                  }
                                               }

## NOTICE OF APPEARANCE AS COUNSEL
## FOR DEFENDANT

**To:**    The Clerk of the Court and counsel of record

    **YOU ARE NOTIFIED** that the undersigned hereby appears as counsel of record for

Defendant, EVMC Real Estate Consultants, Inc.

s/ *D.Culver Smith III*
_____

D. Culver Smith III
*Florida Bar No. 105933*
<dcsmith@foxrothschild.com>
561-804-4403 (direct)

*of*
FOX ROTHSCHILD LLP
Suite 700, Esperanté Building
222 Lakeview Avenue
West Palm Beach, FL 33401
*Telephone:*   561-835-9600
*Facsimile:*   561-835-9602

*Trial Counsel for Defendant*

WP1 70071v1 06/30/09

CASE NO. 8:06-cv-00431-SCB-TBM
Notice of Appearance as Counsel for Defendant

### CERTIFICATE OF SERVICE

     I certify that on June 30, 2009, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro-se parties identified on the attached service list in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

s/ *D.Culver Smith III*

D. Culver Smith III

WP1 70071v1 06/30/09

CASE NO. 8:06-cv-00431-SCB-TBM
Notice of Appearance as Counsel for Defendant

## SERVICE LIST

### *USA Flea Market, LLC  v. EVMC Real Estate Consultants, Inc.*
### CASE NO. 8:06-cv-00431-SCB-TBM
### United States District Court for the Middle District of Florida

Lee Lamont Haas
<lee@haas-castillo.com>
Haas & Castillo, P.A.
19321C U.S. Highway 19 North
Clearwater, FL 33764
Telephone:  727-535-4544
Facsimile: 727-535-1855
Counsel for Plaintiff
By CM/ECF

- 3 ¬

# EXHIBIT B

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
See Attachment A

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Fox Rothschild LLP

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 20 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
A.E LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* **BC436130** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Malcolm S. McNeil, Esq. Staci J. Riordan Esq. T: 310.598.4150 F: 310.556.9828
Fox Rothschild LLP
1800 Century Park East, Suite 300, Los Angeles, CA 90012

| DATE:<br>*(Fecha)* JOHN A. CLARKE, CLERK | Clerk, by AMBER LaFLEUR-CLAYTON<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

APR 20 2010

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## **Attachment A**

**Defendants**:

AIDA ESACOVE, an individual;
LARRY ESACOVE, and individual;
ENGLEWOOD USA INC., a Nevada corporation;
EVMC REAL ESTATE CONSULTANTS, INC., a
California corporation;
MIGUEL VARGAS, an Individual;
ESTHER VARGAS, an Individual;
And DOES 1 - 10, inclusive.

1   MALCOLM S. MCNEIL, CA BAR NO. 109601
    STACI JENNIFER RIORDAN, CA BAR NO. 232659
2   FOX ROTHSCHILD LLP
    1800 Century Park East, Suite 300
3   Los Angeles, CA 90067
    (310) 598-4150
4   (310) 556-9828 Fax

5   mmcneil@foxrothschild.com
    sriordan@foxrothschild.com
6
    Attorneys for Plaintiffs,
7   FOX ROTHSCHILD, LLP

8

9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 20 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E./LaFLEUR-CLAYTON

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **FOR THE COUNTY OF LOS ANGELES** BC 436130

13   FOX ROTHSCHILD, LLP, a Pennsylvania      Case No.
     limited liability partnership
14                                            **VERIFIED COMPLAINT FOR**
                    Plaintiff,                **COLLECTION**
15
          vs.                                 1.   **Breach of Contract**
16                                            2.   **Services Sold**
     AIDA ESACOVE, an individual; LARRY       3.   **Open Book**
17   ESACOVE, an individual; ENGLEWOOD        4.   **Account Stated**
     USA INC., a Nevada corporation; EVMC     5.   **Quantum Meriut**
18   REAL ESTATE CONSULTANTS, INC., a
     California corporation; MIGUEL VARGAS, an
19   Individual; ESTHER VARGAS, an Individual;
     and DOES 1 - 10, inclusive.
20
                    Defendants.
21

22

23

24

25
          Plaintiff Fox Rothschild. LLP ("Fox") alleges as follows:
26
     / / /
27
     / / /
28
     / / /

_____

                    COMPLAINT FOR COLLECTION

**PARTIES**

1.     Fox Rothschild, LLP is a Pennsylvania Limited Liability Partnership, doing business in 15 locations across the United States, including in Los Angeles California and is qualified to conduct business in the State of California.

2.     Fox is a law firm duly registered with the State Bar of California.

3.     Defendant Aida Esacove is an individual doing business in Los Angeles, California and a resident of Encino, California.

4.     Defendant Larry Esacove is an individual doing business in Los Angeles, California and a resident of Encino, California.

5.     Plaintiff is informed and believes that Defendant ENGLEWOOD USA INC. ("Englewood") is a Nevada corporation doing business in Los Angeles County and throughout the State of California.   Plaintiff is further informed and believes that Englewood is a mere shell, instrumentality and conduit through which individual defendants, Larry Esacove and Aida Esacove (collectively the "Esacoves") carry on their business in the corporate name, exercising complete control and dominance of such business to such extent that any individuality or separateness of said corporate defendant does not exist, and in fact, there exists a unity of interest and ownership establishing an alter ego relationship between these three defendants.  An inequity will result if the corporate entity is treated as the sole actor.

6.     Upon information and belief, Defendant EVMC REAL ESTATE CONSULTANTS, INC. ("EVMC"), is a California corporation doing business in Los Angeles California and throughout the State of California. Plaintiff is further informed and believes that EVMC is a mere shell, instrumentality and conduit through which individual defendants, Larry Esacove and Aida Esacove (collectively the "Esacoves") carry on their business in the corporate name, exercising complete control and dominance of such business to such extent that any individuality or separateness of said corporate defendant does not exist, and in fact, there exists a unity of interest and ownership establishing an alter ego relationship between these three defendants.  An inequity will result if the corporate entity is treated as the sole actor.

7.     Upon information and belief, Defendant Miguel Vargas is a shareholder and a officer

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

COMPLAINT FOR COLLECTION

1    of EVMC.   Upon information and belief, Miguel Vargas is a resident of Los Angeles County,

2    California.

3              8.       Upon information and belief, Defendant Esther Vargas is a shareholder and a officer

4    of EVMC.   Upon information and belief, Miguel Vargas is a resident of Los Angeles County,

5    California.

6              9.       Plaintiffs are informed and believe and thereon allege that Does 1-10, inclusive, are

7    each, in some manner proximately responsible for the events and happenings alleged in this

8    complaint and for the Esacoves' damages.   The Esacoves are ignorant of the true names and

9    capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these

10   Defendants by such fictitious names.   Plaintiffs will amend this complaint to allege the true names

11   and capacities of said Defendants when the same has been ascertained.   Unless otherwise stated, all

12   references to any named Defendant shall include the Doe Defendants.

13             10.      Whenever or wherever reference is made in this Complaint to any act, failure to act,

14   or wrongdoing by a defendant, such allegations and references shall also be deemed to mean the acts

15   and/or failures to act by each defendant acting individually and jointly and severally.

16             11.      Plaintiffs are informed and believes and thereon alleges that, at all relevant times,

17   each of the Defendants, including Does 1 through 10, inclusive, was the agent or employee of each

18   of the remaining defendants and, in doing the things alleged, was acting within the scope of that

19   agency or employment.

20             12.      Damages in the instant action exceed the jurisdictional minimum of this Court.

21             13.      This Court has jurisdiction over this action pursuant to California Code of Civil

22   Procedure section 410.10.

23             14.      Venue is proper in this Court pursuant to California Code of Civil Procedure section

24   395.   Plaintiff and all individual defendants reside in this county, EVMC conducts substantial

25   business within this county, Englewood conducts substantial business within this county, the acts

26   giving rise to this Complaint occurred in this county and Plaintiff was injured by Defendants' actions

27   within this county.

28   ///

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

3
COMPLAINT FOR COLLECTION

**GENERAL FACTUAL ALLEGATIONS**

15.     In or about December 2008, plaintiff and the Esacoves entered into a written agreement for legal services.  In or about June 2009, plaintiff and EVMC entered into a written agreement for legal services (the "Engagement Agreements").[1]

16.     Monthly statements for fees and costs incurred are rendered and sent.  Payment in full is due upon receipt of each statement.

17.     Defendants made regular payments until in or about July 2009.

18.     Since July 2009, Plaintiff and Defendants discussed Defendants' outstanding account several times a week, with Plaintiff's attorneys as well as Plaintiff's accounting professionals. During each phone call, Defendants acknowledged the total debt and promised to pay it in full, stating they were in the process of liquidating personal assets.

19.     In September 2009, Defendants made a good faith payment of $25,000 towards their outstanding balance, and promised to make subsequent weekly payments thereafter.

20.     To date, Defendants have not paid any further payments, despite multiple phone calls, letters and voicemails acknowledging the debt and promising to pay it in full.

21.     Defendants purposely strung along Plaintiff knowingly maximizing the amount of professional services provided on their behalf.

22.     Defendants made weekly promises to pay their outstanding account, but at the end of every week provide Plaintiff with another excuse why payment was not possible.

23.     When confronted, Defendants admitted that they had not, despite promises otherwise, taken any steps to liquidate personal assets, but instead were waiting on funding from either an outside source or an investor.

24.     Defendants also admitted that they paid a retainer to a new attorney for legal services, instead of making a payment towards their outstanding balance.

25.     Defendants further admitted that they have income, are using and enjoying that income for their own purposes, but are not using it to make payments on their debt.

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

---

[1] To protect the privacy interests of Defendants and to maintain the attorney-client relationship to the extent possible, the Engagement Agreements have not been attached hereto.  Plaintiff will be happy to provide those to the Court upon request for its review, either under seal or in camera.

4

COMPLAINT FOR COLLECTION

26.     Defendants have ignored the sums owed to Plaintiff, despite the harm Defendants know that their failure to play has caused Plaintiff and its employees.

27.     In breach of said agreements, Defendants have failed and refused to pay plaintiffs for legal services rendered by plaintiff to defendant as well as for costs advanced by plaintiff on defendants' behalf in the sum of $297,730.90. Said sum plus interest at the legal rate is due and owing and unpaid to plaintiff, and plaintiff has been proximately damaged thereby.

28.     Defendants never disputed plaintiff's fees. During every conversation relating to clearing up the outstanding balances, defendants acknowledged the debt, continuously advising plaintiff that they were in the process of arranging for **payment in full**.

29.     In or about November 2009, Defendants informed plaintiff that they were seeking new counsel. Shortly thereafter, substitution notices were filed in all California state and federal court litigation matters wherein plaintiff represented Defendants.

30.     The federal court rejected the request for substitution. In or about February 2010, the Esacoves' new counsel filed requests for substitutions. Once again the federal court denied the requests.

31.     On February 22, 2010, pursuant to the terms of your Engagement Agreements and with Sections 6200-6206 of the California Business and Professions Code, plaintiffs sent defendants Notice of Client's Right to Arbitration. The thirty day time period for defendants to file a for arbitration has expired. To date, Defendants have fully acknowledged the receivable and made further promises to pay the outstanding balance in full.

32.     On March 11, 2010, at Defendants' request, plaintiff filed a request to withdraw as counsel in the federal court action. The hearing on that motion is set for April 5, 2010.

33.     Attempts at collection continue. Each conversation ends with Defendants promising to pay their bill in full, as soon as they can arrange for payment, and in some instances, promising liquidation of certain assets. To date, however, Defendants have not paid their current outstanding balance of $297,730.90, but have instead diverted funds to other matters.

34.     Defendants have intentionally, negligently, and maliciously refused make payment as required under the Service Agreements, despite knowing the financial risk and damage caused to

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

plaintiff. As a result of willful and knowing conduct of Defendants, Plaintiff has suffered special and economic damages including interest on all sums, all in amounts to be proven at trial.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract Against All Defendants)

35.     Plaintiff reallege and incorporate into their First Cause of Action the allegations contained in Paragraphs 1 through 34, inclusive.

36.     Plaintiff and Defendants entered into a written contract in or about December 2008 whereby plaintiff agreed to supply legal service to Defendants and Defendant greed to pay for same at agreed prices. Plaintiff also agreed to advance costs on defendants behalf and defendants agreed to reimburse plaintiff for same.

37.     Plaintiff provided all services and things that the Service Agreement required it to do.

38.     All conditions required by the Service Agreement for Defendants' performance have occurred.

39.     Defendant, however, has failed and refused to pay Plaintiff for the services provided on behalf of Defendants in the sum of $297,730.90. Said sum plus interest at the legal rate is due, owing and unpaid to plaintiff and plaintiff was proximately damaged thereby.

## SECOND CAUSE OF ACTION
### (Services Rendered Against All Defendants)

40.     Plaintiff reallege and incorporate into their Second Cause of Action the allegations contained in Paragraphs 1 through 39, inclusive.

41.     Within four years last past, in Los Angeles California, Defendants and each of them, requested by words or conduct, that plaintiff perform legal services for the benefit of Defendants, and Defendants agreed to pay Plaintiff the reasonable value of those services.

42.     Plaintiff performed services as requested, and Defendants knew that Plaintiff provided the legal services as requested.

43.     Defendant has not paid Plaintiff for the services, which have a reasonable value of $297,730.90.

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

44.     As a result of Defendants' failure to repay the amount owed, Plaintiff has been damaged in the amount of $297,730.90, together with accrued interest at the legal rate, as well as all attorneys'' fees and costs incurred in collecting this amount.

### THIRD CAUSE OF ACTION

#### (Open Book Account Against All Defendants)

45.     Plaintiff reallege and incorporate into their Third Cause of Action the allegations contained in Paragraphs 1 through 44, inclusive.

46.     Within four years last past, in Los Angeles California, Defendants and each of them, became indebted to Plaintiff on an open book account for legal services requested by Defendants, at their special instance, services for which Defendants agreed to pay for on an hourly basis.

47.     Plaintiff has performed the requested services and has kept and account of the debits and credits related to the services requested by Defendants.

48.     Defendants now owe plaintiff $297,730.90 on the account.

49.     Prior to the commencement of this action, demand was made upon the Defendants for the payment of said balance.  Defendants have refused, failed and neglected to pay the sum of $297,730.90, or any part thereof, and the whole of said sum, plus interest at the legal rate, as well as all attorneys' fees and costs incurred in collecting this amount, is now due, owing and unpaid, and plaintiff has been damaged to the extent thereof.

### FOURTH CAUSE OF ACTION

#### (Account Stated Against All Defendants)

50.     Plaintiff reallege and incorporate into their Fourth Cause of Action the allegations contained in Paragraphs 1 through 49, inclusive.

51.     Within four years last past, in Los Angeles California, Defendants became indebted to Plaintiff for services requested by Defendants, at their special instance.

52.     Each month, Plaintiff would send Defendants a written statement of their account.

53.     Defendants, by words and conduct, agreed that the amount stated in the account was the correct mount owed to Plaintiff.

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

54.     Defendants, by words and conduct, promised to pay the amount stated in the account to Plaintiff.

55.     Defendants now owe plaintiff $297,730.90 on the account.

56.     Prior to the commencement of this action, demand was made upon the Defendants for the payment of said balance.  Defendants have refused, failed and neglected to pay the sum of $297,730.90, or any part thereof, and the whole of said sum, plus interest at the legal rate, as well as all attorneys' fees and costs incurred in collecting this amount, is now due, owing and unpaid, and plaintiff has been damaged to the extent thereof.

### FIFTH CAUSE OF ACTION
#### (Quantum Merit against All Defendants)

57.     Plaintiff reallege and incorporate into their Fifth Cause of Action the allegations contained in Paragraphs 1 through 56, inclusive.

58.     Plaintiff performed legal services at Defendants request.

59.     Defendants knew that Plaintiff was performing these professional legal services to Defendants and on Defendants' behalf and, accordingly, promised and agreed to pay Plaintiff the reasonable value of said legal services.

60.     Defendants accepted, used and enjoyed and continue to use and enjoy the benefits of the legal services provided by Plaintiff.

61.     Though Defendants initially paid Plaintiff for the legal services that they accepted used and enjoyed, Defendants have failed and refused to fully compensate Plaintiff for the full value of the legal services, despite multiple promises otherwise.

62.     The fair and reasonable value of the legal services provided by Plaintiff to Defendants is no less than 297,730.90.

63.     Defendants' actions were willful, wanton, malicious in bad faith, and oppressive, and were knowingly undertaken with the intent to defraud and inflict injury onto Plaintiff, and justify the awarding of exemplary and punitive damages to be determined at trial.

Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

8

1    **WHEREFORE**, Plaintiffs pray for judgment against defendants, and each of them, as

2    follows:

3         A.     For damages in the sum of $297,730.90;

4         B.     For interest at the legal rate from the date due;

5         C.     For interest as provided by law, including but not limited to California Civil Code

6               3291;

7         D.     For attorneys' fees incurred herein to the extent allowed by law;

8         E.     For costs of suit incurred herein; and

9         F.     For other and further relief as the Court considers just and proper.

10   ///

11   April 19, 2010                      FOX ROTHSCHILD LLP

12

13                                  By_____

14                                  Malcolm S. McNeil

15                                  Staci J. Riordan
                                    Attorneys for Plaintiff

16                                  FOX ROTHSCHILD LLP

17

18

19

20

21

22

23

24

25

26

27

28

*Fox Rothschild LLP*
*1800 Century Park East, Suite 300*
*Los Angeles, California 90067*

9

COMPLAINT FOR COLLECTION

<u>**VERIFICATION**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have drafted and read the foregoing Complaint For Collection know its contents.

My firm, Fox Rothschild, LLP (Fox), is the Plaintiff in this matter, and I am authorized to make this verification, and I make this verification for that reason. This Complaint for Collection was drafted by me and other attorneys at Fox and I am informed and believe that it is true and complete.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 19 day of April 2010, at Los Angeles, California.

Staci Jennifer Riordan.
Name of Signator                              Signature

<div style="writing-mode: vertical-rl">Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067</div>

10
COMPLAINT FOR COLLECTION

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Malcolm S. McNeil, SBN 10960, Staci J. Riordan, SBN 232659<br>FOX ROTHSCHILD LLP<br>1800 Century Park East, Suite 300<br>Los Angeles, CA 90067 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 20 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>KEN LEFLEUR-CLAYTON |

TELEPHONE NO.: 310.598.4150     FAX NO.: 310.556.9828
ATTORNEY FOR *(Name):* Plaintiff Fox Rothschild LLP

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME: Fox Rothschild LLP vs. Aida Esacove, Larry Esacove, Englewood USA, Inc., EVMC Real Estate Consultants, Inc., Miguel Vargas, Esther Vargas

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC436130 |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☒ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* five (5): Breach of Contract; Services Sold; Open Book; Account Stated; Quantum Meriut
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 19, 2010

Staci J. Riordan
_____                     ▶ _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

| SHORT TITLE: Fox Rothschild LLP vs. Aida Esacove, Larry Esacove, Englewood USA Inc., EVMC Real Estate Consultants, Inc. Miguel Vargas, Esther Vargas | CASE NUMBER BC436130 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  3  ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column **C** below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos- Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3. ,4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1.,2.,3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

| | | |
|---|---|---|
| SHORT TITLE: Fox Rothschild LLP vs. Aida Esacove, Larry Esacove, Englewood USA Inc., EVMC Real Estate Consultants, Inc., Miguel Vargas, Esther Vargas | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2.,⑤ |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2. ,6. |
| | | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2. ,6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

American LegalNet, Inc.
www.FormsWorkflow.com

Page 2 of 4

| SHORT TITLE: Fox Rothschild LLP vs. Aida Esacove, Larry Esacove, Englewood USA Inc., EVMC Real Estate Consultants, Inc. Miguel Vargas, Esther Vargas | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8. ,9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2.,8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3. ,9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3. ,9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3. ,4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Fox Rothschild LLP vs. Aida Esacove, Larry Esacove, Englewood USA Inc., EVMC Real Estate Consultants, Inc. Miguel Vargas, Esther Vargas | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 17761 Erwin Street |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☒ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | |

| CITY: Encino | STATE: CA | ZIP CODE: 91316 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____LASC_____ courthouse in the Central District_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: April 19, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**
Case Number _____

**BC436130**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

***Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>   **Cases for Which Mediation May Be Appropriate**
>   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

>   **Cases for Which Mediation May Not Be Appropriate**
>   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>   **Cases for Which Arbitration May Be Appropriate**
>   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

>   **Cases for Which Arbitration May Not Be Appropriate**
>   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

>   **Cases for Which Neutral Evaluation May Be Appropriate**
>   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

>   **Cases for Which Neutral Evaluation May Not Be Appropriate**
>   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

# EXHIBIT C



**THE GUERRINI LAW FIRM**
Collection and Real Estate Litigation

August 14, 2009

*Via Facsimile 310-556-9828 and Electronic Mail SRiordan@foxrothschild.com*

Staci J. Riordan
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067

Re:   Rischer v. Banlavoura
      USDC Case Number CV 96-3886 SJO (RNBx)

Ms. Riordan:

I write to meet and confer with you on this matter. On November 20, 2008 the Court entered an assignment order in favor of my client and against your clients and 23 of their entities, including EVMC Real Estate Consultants, Inc. ("EVMC"). On November 21, 2008 notice of this assignment order was served upon your clients and these entities.

On May 6, 2009 and again on June 18, 2009 and July 6, 2009, Larry Esacove confirmed in judgment debtor examination proceedings that income from EVMC allowed him to meet his monthly overhead, including almost $30,000 a month in mortgages and car payments, as well as legal fees to your firm. This is in direct violation of the Court's order. According to the order, all income from EVMC was assigned to my client -- including income paid 'either directly or indirectly'. This covers income thinly disguised as loans as well as payments made directly to third parties to cover the judgment debtors' personal expenses. Moreover, the Esacoves failed to timely apply to the Court under §708.550 and thus have waived all rights to any exemption.

Please have your clients tender payment by August 21, 2009 to my client for 100% of all payments received from any of the parties named in the court's order since November 20, 2008. If a response is not received by August 21, 2009, my client will have no choice but to apply for a contempt order.

Thank you for your anticipated cooperation and prompt attention to the above.

Very truly,

John D. Guerrini

# EXHIBIT D



**Fox Rothschild** LLP
ATTORNEYS AT LAW

1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel 310.598.4150  Fax 310.556.9828
www.foxrothschild.com

Staci J. Riordan
Direct Dial:  (310) 598-4180
Email Address:  sriordan@foxrothschild.com

August 20, 2009

**VIA U.S. MAIL AND EMAIL (GUERRINI@GUERRINILAW.COM)**

John D. Guerrini, Esq.
THE GUERRINI LAW FIRM
750 East Green Street, Suite 200
Pasadena, California 91101

Re:   *Rischer v. Banlavoura et al.*, **Federal Court Case No. CV 96-03886 SJO-RNB**

Dear Mr. Guerrini:

     I am in receipt of your letter dated August 14, 2009 purporting to meet and confer with me regarding payments made by EVMC Real Estate Consultants, Inc. ("EVMC").  As an initial matter, I suggested that you are meeting and conferring with the wrong party -- Fox Rothschild, LLP does not represent EVMC in connection with this litigation nor is it authorized to make payments on its behalf.

     Further, in your letter you state, that "Larry Esacove confirmed in judgment debtor examination proceedings that income from EVMC allowed him to meet his monthly overhead..."  This was not his testimony.  Before continuing the discussion raised by your August 14, 2009 letter, I request that we resolve the two issued addressed herein.  I look forward to your response.

Very Truly Yours,

Staci J. Riordan

cc:    Malcolm S. McNeil, Esq.

LA1 25182v1 08/20/09

California     Delaware     Florida     Nevada     New Jersey     New York     Pennsylvania

# EXHIBIT E

# *EVMC Real Estate Consultants, Inc*

### CORPORATE RESOLUTION OF BOARD OF DIRECTORS OF
### EVMC REAL ESTATE CONSULTANTS, INC.

All of the directors of EVMC Real Estate Consultants, Inc. were in attendance, in person or by telephone conference. General discussion was then held concerning the issue, and all aspects of the same, were fully explained in detail to the satisfaction of the Board Members.

The Board of Directors of EVMC Real Estate Consultants, Inc. an International Business Company incorporated on *27 April 2005* in the state of *California*, U.S.A. with Registered Offices at 9049 Washington Blvd., Pico Rivera, CA 90660 (hereinafter the "Company" or "EVMC") in a meeting held on this 1st day of November 2005, adopted the following Resolutions:

WHEREAS, EVMC has engaged Larry and Aida Esacove to serve as an independent consultants; and

WHEREAS, the Board of Directors deems it to be in EVMC's best interest to authorize loan or loans to Larry and or Aida Esacove from the company; and

NOW, THEREFORE, BE IT RESOLVED, that Larry and Aida Esacove be and hereby authorized to receive loans from EVMC.

Sincerely,

Anthony B. Chopra
President

(SEAL)

9049 Washington Blvd.
Pico Rivera, CA 90660

FESA01009

# EXHIBIT F

# *EVMC Real Estate Consultants, Inc*

## CORPORATE RESOLUTION OF BOARD OF DIRECTORS OF
## EVMC REAL ESTATE CONSULTANTS, INC.

All of the directors of EVMC Real Estate Consultants, Inc. were in attendance, in person or by telephone conference. General discussion was then held concerning the issue, and all aspects of the same, were fully explained in detail to the satisfaction of the Board Members.

The Board of Directors of EVMC Real Estate Consultants, Inc. an International Business Company incorporated on *27 April 2005* in the state of *California*, U.S.A. with Registered Offices at 9049 Washington Blvd., Pico Rivera, CA.90660 (hereinafter the "Company" or "EVMC") in a meeting held on this 12th day of November 2005, adopted the following Resolution:

WHEREAS, Mr. Larry Esacove is authorized to open and sign bank accounts on behalf of EVMC.

NOW, THEREFORE, BE IT RESOLVED, that Mr. Larry Esacove is authorized to open and sign bank accounts on behalf of EVMC.

Sincerely,

Anthony B. Chopra
President

(SEAL)

9049 Washington Blvd.
Pico Rivera, CA.90660

FESA01010

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1800 Century Park East, Suite 300, Los Angeles, California 90067-3005.

On July 26, 2010, I served the following document(s) described as **OPPOSITION OF NON-PARTY FOX ROTHSCHILD TO FEATHERBY'S MOTION FOR AN ORDER OF CONTEMPT AGAINST FOX ROTHSCHILD, LLP; DECLARATION OF STACI RIORDAN; EXHIBITS** on the interested parties in this action as follows:

Ramona Featherby                         Larry Esacove
3344 McGraw Street                       17761 Erwin Street
San Diego, CA 92117                      Encino, CA 91316

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Fox Rothschild LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 26, 2010, at Los Angeles, California.


/s/ April D. Villanueva
April D. Villanueva

LA1 49295v2 07/26/10